**AFFIRM; and Opinion Filed July 29, 2015.**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

**No. 05-14-01189-CR**
**No. 05-14-01190-CR**

**MICHAEL LERON DOWDEN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 194th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F88-86404-M, F88-89370-M**

## MEMORANDUM OPINION

Before Justices Fillmore, Myers, and Evans
Opinion by Justice Fillmore

In August 1989, Michael Leron Dowden was convicted of murder and aggravated robbery with a deadly weapon. The trial court assessed punishment at fifteen years' imprisonment in each case. Dowden filed a motion for post-conviction DNA testing in April 2012. The State responded that Dowden's claim that he would not have been convicted if exculpatory results had been obtained through DNA testing was without merit, and the DNA testing of preserved biological evidence from the murder case (fingernails, hair sample, and blood from victim's shirt) would not establish by a preponderance of the evidence that Dowden did not commit murder whether it excluded or included Dowden as a donor of the biological

evidence.[1] On July 16, 2014, the trial court denied Dowden's motion for post-conviction DNA testing stating Dowden had not met his burden under Chapter 64 of the code of criminal procedure to show he was entitled to post-conviction DNA testing because (1) there were at least three individuals involved in the commission of the murder offense and at least two individuals involved in the commission of the aggravated robbery offense, and (2) even if the biological evidence did not include Dowden's DNA, there would be no way for Dowden to show by a preponderance of the evidence that he was not guilty of the two crimes, at least under the law of parties. These appeals followed.

Dowden's attorney filed a brief in which she concludes the appeals are wholly frivolous and without merit. The brief meets the requirements of *Anders v. California*, 386 U.S. 738 (1967). The brief presents a professional evaluation of the record showing why, in effect, there are no arguable grounds to advance. *See High v. State*, 573 S.W.2d 807, 811–12 (Tex. Crim. App. [Panel Op.] 1978). Counsel delivered a copy of the brief to Dowden. *See Kelly v. State*, 436 S.W.3d 313, 319–21 (Tex. Crim. App. 2014) (identifying duties of appellate courts and counsel in *Anders* cases).

Dowden filed a pro se response. After reviewing counsel's brief, Dowden's pro se response, and the record, we agree the appeals are frivolous and without merit. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (explaining appellate court's duty in *Anders* cases). We find nothing in the record that might arguably support the appeal of the trial court's order denying Dowden's request for post-conviction DNA testing.

---

[1] The State asserted in its response that "no agency has retained any biological evidence related to the aggravated robbery" case.

We affirm the trial court's order denying the motion for post-conviction DNA testing.



/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

141189F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL LERON DOWDEN,
Appellant

No. 05-14-01189-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the  194th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F88-86404-M).
Opinion delivered by Justice Fillmore,
Justices Myers and Evans participating.


        Based on the Court's opinion of this date, the trial court's order denying motion for post-conviction DNA testing is **AFFIRMED**.


        Judgment entered July 29, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MICHAEL LERON DOWDEN,
Appellant

No. 05-14-01190-CR          V.

THE STATE OF TEXAS, Appellee

Appeal from the  194th Judicial District
Court of Dallas County, Texas (Tr.Ct.No.
F88-89370-M).
Opinion delivered by Justice Fillmore,
Justices Myers and Evans participating.

Based on the Court's opinion of this date, the trial court's order denying motion for post-conviction DNA testing is **AFFIRMED**.

Judgment entered July 29, 2015.